```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4              v.                          17 Cr. 421 (GHW)

 5   SADDAM MOHAMED RAISHANI,
                                            Arraignment
 6              Defendant.

 7   ------------------------------x

 8                                          New York, N.Y.
                                            September 14, 2017
 9                                          1:05 p.m.

10   Before:

11          HON. GREGORY H. WOODS

12                                          District Judge

13

14

15          APPEARANCES

16
     JOON H. KIM
17        Acting United States Attorney for the
          Southern District of New York
18   SIDHARDHA KAMARAJU
     GEORGE D. TURNER
19        Assistant United States Attorneys

20
     FEDERAL DEFENDERS OF NEW YORK, INC.
21        Attorneys for Defendant
     BY:  SARAH BAUMGARTEL
22        SABRINA SHROFF

23

24

25
```

1           (Case called)

2           THE CLERK:  Counsel, please state your names for the
3  record.

4           MR. TURNER:  Good afternoon, your Honor.  George
5  Turner and Sid Kamaraju for the government.

6           THE COURT:  Good afternoon.

7           MS. SHROFF:  Good afternoon, your Honor.  For Mr.
8  Raishani, who is seated to my left, Federal Defenders of New
9  York, by Sabrina Shroff and Sarah Baumgartel.  Also present in
10 court are Mr. Raishani's family members.

11          THE COURT:  Thank you for being here.

12          Mr. Raishani, you were previously named in a one-count
13 indictment that was numbered 17 Cr. 421.  You were arraigned on
14 that charge before Judge Peck on July 21, 2017.  You have now
15 been named in a three-count superseding indictment that is
16 numbered S1 17 Cr. 421.

17          The purpose of this proceeding is threefold: first, to
18 make sure that you have a copy of that superseding indictment;
19 second, to inform you of the charges against you; and third, to
20 take your plea.

21          Mr. Raishani, let me first ask, do you understand
22 what's happening in this proceeding today?

23          THE DEFENDANT:  I do.

24          THE COURT:  Mr. Raishani, have you seen a copy of the
25 superseding indictment?

1      THE DEFENDANT:  Yes.

2      THE COURT:  Ms. Shroff, have you had the opportunity

3 to review the superseding indictment and to discuss it with Mr.

4 Raishani?

5      MS. SHROFF:  I have done so, your Honor.

6      THE COURT:  Can I turn to either Mr. Turner or Mr.

7 Kamaraju to summarize the charges on which the defendant is

8 being arraigned today.

9      MR. TURNER:  Yes, your Honor.  As the Court mentioned,

10 the superseding indictment adds two counts to the original

11 indictment, Counts Two and Three.  Both Counts Two and Three

12 charge the defendant with violations under 18 U.S.C. 2339B,

13 which criminalizes the provision of material support or

14 resources to a designated foreign terrorist organization, in

15 this case ISIS.

16      Specifically in this case, your Honor, Count Two

17 charges the defendant with conspiring to provide material

18 support or resources to ISIS and Count Three charges the

19 defendant with providing, attempting to provide, and aiding and

20 abetting provision of material support or resources to ISIS.

21 Both of those counts are based on the defendant's alleged

22 facilitation of another individual's travel abroad to join and

23 fight for ISIS.  That individual is referred to as CC1 in the

24 superseding indictment.

25      THE COURT:  Thank you very much.

1            Mr. Raishani, you have the right to have me to read
2    the indictment to you loud on the record here now. You can
3    also waive that right. I would be happy to read the indictment
4    to you if you would like. Would you like me to read the
5    indictment to you on the record?
6            THE DEFENDANT: No.
7            THE COURT: Counsel, do you waive formal reading of
8    the indictment?
9            MS. SHROFF: We do, your Honor.
10           THE COURT: Mr. Raishani, can I ask to please stand.
11   Mr. Raishani, do you understand what it is that you have been
12   charged with?
13           THE DEFENDANT: Yes.
14           THE COURT: Count One charges that from at least in or
15   about January 2017 up to and including in or about June 2017
16   you knowingly and intentionally did attempt to provide
17   "material support or resources" as that term is defined in 18
18   U.S.C. section 2339A(b), including personnel and services to a
19   foreign terrorist organization, namely, the Islamic State of
20   Iraq and al-Sham, which I will define as ISIS.
21           How do you plead to that count?
22           THE DEFENDANT: Not guilty.
23           THE COURT: Count Two charges that from at least in or
24   about September 2015 up to and including in or about May 2016
25   you, with others known and unknown did knowingly and

1  intentionally conspire to provide material support or
2  resources, including personnel, to a foreign terrorist
3  organization, namely ISIS, in violation of 18 U.S.C. section
4  2339D.
5          How do you plead to that count?
6          THE DEFENDANT:  Not guilty.
7          THE COURT:  Count Three charges that from at least in
8  or about September 2015 up to and about including in or about
9  May 2016 you, with others known and unknown, did knowingly and
10 intentionally provide and attempt to provide material support
11 of resources, including personnel, to a foreign terrorist
12 organization, namely ISIS, in violation of Title 18 U.S.C.
13 sections 2339(b) and 2.
14         How do you plead to this count?
15         THE DEFENDANT:  Not guilty, your Honor.
16         THE COURT:  Thank you very much, Mr. Raishani.  Your
17 pleas of not guilty are accepted.  You can be seated.
18         Counsel, thank you for being here.  Is there anything
19 else that we should take up while we are all here?  Counsel for
20 the United States?
21         MR. TURNER:  Your Honor, we can provide the Court with
22 a brief update regarding the status of discovery, and perhaps
23 the Court would be inclined to set some dates or a schedule.
24 We produced discovery on a rolling basis following the initial
25 pretrial conference in this case, which was held on July 13th.

Rule 16 discovery is currently complete, your Honor. I do recall at the initial pretrial conference your Honor did schedule today's date as a status conference to take up potentially issues of scheduling.

        THE COURT: Counsel for Mr. Raishani, first, can I hear your views regarding the government's assessment of the discovery in the case. Then I would like to hear your views regarding appropriate next steps.

        MS. SHROFF: Your Honor, I'm assuming that if the government says they are producing discovery on a rolling basis, they are. I have no reason to doubt that. We did receive a production on August 31st. Mr. Turner may correct me if I'm wrong, but I think on August 31st I got an email saying that a new production had been made and a copy had been sent to the MCC. It is a voluminous production.

        Ms. Baumgartel has recently just finished a trial. I'm starting trial -- in fact, my trial was just moved up this morning by Judge Berman -- so I have not waded my way through that discovery. As I informed the government, we are simply not ready at this point to set a motion schedule. I'm sure the Court knows that Ms. Baumgartel and I would not drag our feet for any reason.

        Mr. Raishani still has not received the discovery at the MCC in a way that he can start reviewing it. Mr. Fisher from our office, who is part of the management information

1   systems and in charge of electronic discovery, is working to

2   adapt the discovery into a format whereby Mr. Raishani can

3   actually begin reviewing it.

4              We ask the Court to allow us to come back in 45 days

5   to inform you as to what motions we may or may not have in this

6   matter.  It would not be prudent of us to agree to set a motion

7   schedule at this time because motions are dependent on

8   discovery.  It would be ill-advised for Ms. Baumgartel and me

9   to say that we do or do not have motions without completely

10  reviewing the material.

11             I need not elaborate on the seriousness of these

12  charges.  The Court is well aware that Mr. Raishani faces

13  severe penalties should he be convicted.  Cases such as this

14  need time.  If the Court wishes, we can also let you know in an

15  ex parte letter the other steps that our office, in order to

16  provide effective counsel, would need additional time.  We are

17  happy to do that as well.  But considering the nature of the

18  discovery, the volume of the discovery, the fact that our

19  client is incarcerated, that I'm starting a month-long trial on

20  <u>United States v. Rahimi</u> before Judge Berman, I ask you to

21  please give me the 45 days.

22             THE COURT:  Counsel for the United States, what is

23  your view regarding the defendant's request?

24             MR. TURNER:  Your Honor, we don't have any objection

25  to that request.

1    THE COURT: Good. I'm going to grant the defendant's
2  request. I will set a date approximately 45 days from now for
3  our next conference. At that time I would ask counsel for Mr.
4  Raishani to come prepared to tell me what motions Mr. Raishani
5  is contemplating, if any. I will then set a motion schedule, a
6  hearing schedule if necessary, and possibly a trial date.
7    Mr. Daniels, would you please propose a date.
8    THE CLERK: Monday, October 30th, at 4 p.m. in the
9  afternoon.
10    THE COURT: Counsel, does that date and time work for
11  each of you?
12    MR. TURNER: Yes, your Honor.
13    MS. SHROFF: That should be fine, your Honor. I'm
14  assuming my trial will be over.
15    THE COURT: Good. Thank you very much.
16    Does the United States have an application?
17    MR. TURNER: We do, your Honor. We would move for the
18  exclusion of time under the Speedy Trial Act between today's
19  date and the date of October 30th set by the Court for the next
20  conference. We submit that the request for exclusion would
21  serve the interests of justice because, among other reasons, it
22  will allow defendants to continue reviewing discovery produced
23  by the government and to determine what, if any, motions the
24  defense wishes to file.
25    THE COURT: What is the position of the defendant

1    regarding that application?
2         MS. SHROFF:  We have no objection to the application.
3         THE COURT:  I will exclude time from today until
4    October 30th.  I find that the ends of justice served by
5    excluding such time outweigh the best interests of the public
6    and the defendant in a speedy trial and because it will allow
7    time for review of the discovery materials by the defendant and
8    time for the defendant to consider any motions.
9         Is there anything else that we should take up before
10   we adjourn?  United States?
11        MR. TURNER:  Not from the government, your Honor.
12        THE COURT:  Ms. Shroff?
13        MS. SHROFF:  No, your Honor.
14        THE COURT:  Thank you very much.  This proceeding is
15   adjourned.
16        (Adjourned)
17
18
19
20
21
22
23
24
25