

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2018

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *United States* v. *Adam Raishani, a/k/a "Saddam Mohamed Raishani"*
> S1 17 Cr. 421 (GHW)

Dear Judge Woods:

The Government respectfully writes in opposition to defense counsel's request to adjourn the trial in the above-referenced case, which is scheduled to begin on June 11, 2018. The purported basis for the adjournment request is the fact that Ms. Shroff—along with at least two other members of the Federal Defenders—represents one of the defendants in the trial currently pending before Judge Kaplan in *United States* v. *Blaszczak*, 17 Cr. 357 (LAK) ("*Blaszczak*"). *See* Dkt. No. 24. As explained below, an adjournment of the June 11 trial date is not warranted.

As an initial matter, the *Blaszczak* trial is expected to conclude by the end of this month or possibly the first week in May (another criminal trial is scheduled to begin before Judge Kaplan on May 7)—that is, more than a month before the trial date in this case. The fact that defense counsel is on trial in another matter that is scheduled to conclude in late April or early May does not supply a basis for adjourning a trial scheduled to begin on June 11. Indeed, if it did, it would be nearly impossible to schedule any criminal trials in this District.

The June 11 trial date was set by the Court more than five months ago, at a conference on October 30, 2017. A transcript of that conference is attached as Exhibit A. At the time of the conference, a trial date of April 9, 2018 had already been set in *Blaszczak*—in other words, the Federal Defenders were aware that the *Blaszczak* trial was scheduled for this month. *See Blaszczak*, Minute Entry, June 12, 2017. At the October 30, 2017 conference, defense counsel (Ms. Baumgartel, Ms. Shroff's co-counsel[1]) specifically requested a trial date in June 2018. Ex. A at 2-3. In fact, the Court indicated that it had planned to schedule trial for late April 2018, but defense counsel requested June 2018 because she expected to have a multi-week fraud trial beginning on April 2, 2018. *Id.* at 3. The Court accommodated defense counsel's request, and set a trial date of June 11, 2018. *Id.* at 4. Thus, when the Court set the June 11 trial date, an

---

[1] As the Court is aware, Ms. Shroff has had co-counsel (Ms. Baumgartel) from the outset of this case, another fact undermining the adjournment request. In March 2018, Ms. Shroff indicated to the Government that Ms. Baumgartel was no longer participating in the case. The Government is not aware of whether another member of the Federal Defenders has replaced Ms. Baumgartel.

April 2018 trial date in *Blaszczak* had already been set, and defense counsel specifically contemplated being on trial in April 2018.

Furthermore, at the October 30, 2017 conference, the Court confirmed with both parties that "in setting this trial date you have reviewed your calendars and do not anticipate that there will be any conflicts or other issues that might affect your presentation for the trial on that date and associated pretrial matters." *Id.* The Court also advised the parties as follows: "I expect for that to be a firm date for trial. Do not expect that that date will move." *Id.* at 5. As explained above, the fact that defense counsel might be on trial in April 2018 was explicitly accounted for in setting the June 11 trial date. There is no changed circumstance that warrants moving the firm trial date that was set by the Court.[2] The Government has proceeded in reliance on that trial date. Witnesses residing in other states have adjusted their schedules and made travel plans to meet with the Government in preparation for trial. And last week, on April 6, 2018, the Government provided the defense with notice of the expert witnesses that it plans to call at trial.

Moreover, the public's interest in a speedy trial further supports denying defense counsel's adjournment request. *See United States* v. *Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (explaining that "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused," and that "[t]he [Speedy Trial] Act's demand that justice be swiftly administered serves the public interest by, among other things, avoiding extended pretrial delays, which may impair[ ] the deterrent effect of punishment" (internal quotation marks and citation omitted)). The public interest in the swift administration of justice is heightened in this case, which involves terrorism charges against an individual from the New York City community who allegedly supported and attempted to join the Islamic State of Iraq and al-Sham. The defendant was arrested in June 2017, and this case will have been pending for almost a year as of the June 11 trial date. Further, the defense elected not to file any pretrial motions by the December 15, 2017 deadline set by the Court. Since that deadline passed—nearly four months ago—all that has remained in this case is trial. *See* Dkt. No. 21 (Court issued *sua sponte* Order on February 1, 2018 reminding parties of June 11 trial date and April 23 deadline for pretrial filings). This further underscores that the defense has had ample time to prepare, and that delaying the trial would be unwarranted. As the foregoing makes plain, the specter of "ineffective counsel" raised by Ms. Shroff has no grounding in the record or the present circumstances, and the mere recitation of that phrase should not be viewed as a legitimate basis for adjourning a trial that has been on the calendar for more than five months.

Finally, as noted in defense counsel's letter, the Government has informed the defense that it would not oppose a request for a brief adjournment of the deadlines for pretrial filings currently set for April 23, April 30, and May 4. The Government respectfully submits that those dates could be pushed back by two to three weeks to accommodate defense counsel's trial schedule without interfering with the June 11 trial date, which should remain firm.

---

[2] It is immaterial that, as noted in defense counsel's letter seeking an adjournment, the trial date in *Blaszczak* ultimately was moved up from April 9 to April 2, with jury selection beginning March 26. Indeed, if anything, the acceleration of those dates may cause the *Blaszczak* trial to end earlier than anticipated, giving defense counsel more time to prepare for trial in this case.

For the reasons set forth above, defense counsel's request to adjourn the trial in this case is groundless, and should be denied.[3]

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____/s/_____
Sidhardha Kamaraju/Jane Kim/George D. Turner
Assistant United States Attorneys
(212) 637-6523/2038/2562

Cc:     Sabrina Shroff (by ECF and email)
        Sarah Baumgartel (by ECF and email)

---

[3] As set forth herein, the Government opposes defense counsel's request to adjourn the trial date. However, to the extent the Court is inclined to grant the adjournment request, the Government respectfully informs the Court that the FBI Special Agent with primary responsibility for this matter is scheduled to be overseas for approximately two weeks in early July (that is, after the conclusion of the trial as scheduled by the Court). Accordingly, the Government respectfully requests that, if the adjournment request is granted, trial be set for a date on or after July 16, 2018. Subject to the length of any defense case, the Government expects that the trial will last approximately two weeks.

# EXHIBIT A

Haunraic

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          17 Cr. 421 (GHW)

5   ADAM RAISHANI,

6              Defendant.                  Conference

7   ------------------------------x

8                                     New York, New York
                                      October 30, 2017
9                                     4:00 p.m.

10
    Before:
11
                      HON. GREGORY H. WOODS,
12
                                      District Judge
13

14                       APPEARANCES

15  JOON H. KIM
         Acting United States Attorney for the
16       Southern District of New York
    BY:  GEORGE TURNER
17       Assistant United States Attorney

18  SARAH BAUMGARTEL
         Attorney for Defendant
19

20

21

22

23

24

25

Haunraic

```
 1              (Case called)

 2              MR. TURNER:  Good afternoon, your Honor.

 3         George Turner, for the government.

 4              THE COURT:  Good afternoon.

 5              MS. BAUMGARTEL:  Good afternoon, Sarah Baumgartel

 6    Federal Defenders, on behalf of Mr. Raishani.

 7              THE COURT:  Thank you, good afternoon.

 8              We are here for a status conference with respect to

 9    this matter.  Let me hear where we are.

10              Counsel for the United States.

11              MR. TURNER:  Your Honor, the defendant, as the Court

12    is aware, was arrested in June.  He was indicted shortly

13    thereafter.

14              The government produced discovery on a rolling basis

15    in August, completing discovery productions in late August.

16              Last time we were before the Court the defense asked

17    for an additional period to review discovery in anticipation of

18    potential motions, and the court indicated that it would likely

19    set a motion schedule and potentially a trial date at today's

20    proceeding, which we certainly think would make sense, Judge.

21              THE COURT:  Thank you very much.  Ms. Baumgartel, what

22    is your position?

23              MS. BAUMGARTEL:  Yes, your Honor.

24              I believe that is all correct.  I spoke with

25    government counsel briefly before your Honor came out about a
```

Haunraic

1    tentative schedule.

2              Perhaps working from the latest date, we would be

3    requesting a trial in June 2018, and the purpose in part is

4    because of defense counsel's trial schedule leading up until

5    then.  I can provide the Court more detail, but I've conferred

6    with the government.  I think that that date is acceptable to

7    them.

8              THE COURT:  Thank you.

9              Could I hear more information.  I was going to offer

10   you a date in late April.

11             MS. BAUMGARTEL:  Sure, your Honor.

12             I have actually a trial that was just scheduled, but

13   the case has been pending for a long time in front of Judge

14   Ramos, a trial scheduled for April 2, and that is a multi-week

15   mortgage fraud trial.

16             THE COURT:  Thank you.

17             Can I hear from counsel for the United States.

18             How long do you anticipate this trial to last at this

19   point?

20             MR. TURNER:  Your Honor, we did speak about this as

21   well with defense counsel briefly.  With the usual caveat that

22   of course at this time it is an estimate -- stipulations,

23   custodians and the like always cause uncertainty -- but we

24   would think that the government's case would be in the order of

25   one to two weeks.  From our perspective, your Honor, if the

Haunraic

1  Court had three weeks, obviously depending on the length of any

2  defense case, we think that three weeks set aside would make

3  sense here, Judge.

4          THE COURT:  Good.  Thank you.

5          Ms. Baumgartel, do you agree?

6          MS. BAUMGARTEL:  Yes, your Honor.

7          THE COURT:  Your proposal, counsel, is that we begin

8  in June, is that right?

9          MS. BAUMGARTEL:  Yes.

10         THE COURT:  Thank you.

11         I think that I can accommodate that.  Could we begin

12 then with a trial that would begin on June 11, 2018, at 9 a.m.

13 here in this courtroom.

14         Would that date and time work for both parties?

15         MR. TURNER:  Yes, your Honor.

16         MS. BAUMGARTEL:  Yes, your Honor.

17         THE COURT:  Good.  Thank you.

18         In setting this trial schedule, let me just confirm

19 with each of you that in setting this trial date you have

20 reviewed your calendars and do not anticipate that there will

21 be any conflicts or other issues that might affect your

22 presentation for the trial on that date and associated pretrial

23 matters.

24         Is that right, counsel for the United States?

25         MR. TURNER:  Yes, your Honor.

Haunraic

| | |
|---|---|
| 1 | THE COURT:  Thank you. |
| 2 | Counsel? |
| 3 | MS. BAUMGARTEL:  Yes. |
| 4 | THE COURT:  Thank you. |
| 5 | So we will set the trial to begin on June 11.  I |
| 6 | expect for that to be a firm date for trial.  Do not expect |
| 7 | that that date will move. |
| 8 | Good.  So, Ms. Baumgartel, do you have a sense at this |
| 9 | point whether there are any motions that you anticipate |
| 10 | bringing, and, if so, what they might be? |
| 11 | MS. BAUMGARTEL:  Your Honor, we may file a Rule 12 |
| 12 | motion just with respect to some postarrest statements, but I |
| 13 | think that would be the only potential motion which we are |
| 14 | still considering. |
| 15 | THE COURT:  Thank you.  Do you have a sense of the |
| 16 | time in which you will know whether or not the motion will be |
| 17 | warranted. |
| 18 | MS. BAUMGARTEL:  Your Honor, I was going to ask for a |
| 19 | motion deadline in about 30 to 45 days. |
| 20 | THE COURT:  Thank you. |
| 21 | Counsel for the United States, what is your view? |
| 22 | MR. TURNER:  We would have no objection to that |
| 23 | schedule, Judge. |
| 24 | THE COURT:  Thank you.  I would be happy to |
| 25 | accommodate that request as well, and I'm happy to accommodate |

Haunraic

1    the outside end of that proposal, approximately 45 days from

2    now.

3              I will set a specific date as the deadline for

4    submission of motions in the case when I get back to chambers

5    and I will establish that by written order.

6              Counsel for the United States, how much time would you

7    suggest that I provide you for any opposition to the motion?

8              MR. TURNER:  Would three weeks be sufficient, your

9    Honor?

10             THE COURT:  Thank you.

11             Counsel for defendant, what is your view?

12             MS. BAUMGARTEL:  Your Honor, we have no objection to

13   that.

14             THE COURT:  Thank you.  I expect to set a schedule in

15   which any motion in this case will be due approximately 45 days

16   from today, any opposition to that motion will be due three

17   weeks following a submission of the motion, and any reply will

18   be due one week following service of the opposition.  I will

19   also set a hearing date for any motion in connection with this

20   trial in that order.

21             Good.  So, counsel, please look at my individual rules

22   for practice in criminal cases.  We will have the opportunity

23   to discuss all of this in the future, but I will include some

24   requests for additional pretrial submissions in connection with

25   this case.  The principal things that I will ask you for is a

Haunraic

1   short squib just to read to the venire.  I will ask that that

2   be submitted together with the other pretrial submissions.  I

3   will also ask if the parties can agree about a short summary

4   description of the law that I could read to the jury after it's

5   impaneled, but before testimony begins.

6        I will request that you present me with such a short

7   statement of the law just so that I can give the jury an

8   overview of what it that they will be thinking about as they

9   are beginning to hear testimony.  I provide it to them with the

10  caveat that complete charges would be provided to them at the

11  end of the case.

12       If you can agree on such a thing, it can be helpful I

13  think to the jury.  If you can't agree on such a summary

14  statement of the law, you can let me know that, and I expect I

15  would agree to proceed without one.

16       Good.  I will issue an order later today or tomorrow

17  with these deadlines.

18       Is there anything else that we should discuss at this

19  time?

20       MR. TURNER:  Not from the government, your Honor.

21       THE COURT:  Thank you.

22       Counsel?

23       MS. BAUMGARTEL:  Nothing further from the defendant.

24       THE COURT:  Good.  Thank you.

25       United States, do you have an application?

Haunraic

| | |
|---|---|
| 1 | MR. TURNER:  We do, your Honor.  We would request that |
| 2 | the Court exclude time between today's date and at this point |
| 3 | the trial date of June 11, which is the next date on the |
| 4 | calendar. |
| 5 | We submit that the requested exclusion would be in the |
| 6 | interest of justice.  It would allow the defense to continue |
| 7 | reviewing discovery, to evaluate potential motions and to file |
| 8 | those motions, and also for the parties to engage in potential |
| 9 | discussions of a disposition, Judge. |
| 10 | THE COURT:  Thank you very much. |
| 11 | Counsel, what is your view? |
| 12 | MS. BAUMGARTEL:  Your Honor, we have no objection to |
| 13 | the exclusion. |
| 14 | THE COURT:  Thank you very much. |
| 15 | I will exclude time from today until June 11, 2018.  I |
| 16 | find that the ends of justice served by excluding such time |
| 17 | outweigh the best interest of the public and the defendant in a |
| 18 | speedy trial and because it allows time for the defendant to |
| 19 | consider and prepare any motions, it allows time for both |
| 20 | parties to prepare for trial and time for both of the parties |
| 21 | to potentially negotiate a pretrial disposition of this case. |
| 22 | Anything else before we adjourn? |
| 23 | Counsel for the United States? |
| 24 | MR. TURNER:  No, your Honor. |
| 25 | THE COURT:  Thank you. |

Haunraic

1            Counsel for the defendant?

2            MS. BAUMGARTEL:  Before we adjourn, may Mr. Raishani

3    have a moment just to visit with his family?

4            THE COURT:  Thank you.  I don't know that I can take a

5    position on that.

6            THE MARSHAL:  No, your Honor.

7            THE COURT:  Thank you.

8            No.  I'm sorry.  I can't accommodate that.  I

9    apologize.  I'm sorry, Mr. Raishani.

10           THE DEFENDANT:  No problem.  Thank you.

11           THE COURT:  Thank you very much.

12           This proceeding is adjourned.

13           (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25