# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*Southern District*

**David E. Patton**
*Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 9, 2018

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Raishani*, 17 Cr. 421 (GHW)

Dear Judge Woods:

      On behalf of my colleague Ms. Shroff, I write in brief response to the government's letter of today's date. As previously explained, an adjournment of trial in this matter serves the ends of justice by preventing material prejudice to defendant and allowing undersigned counsel to prepare a meaningful and effective defense for him. The government's opposition cannot obscure the necessity of an adjournment.

      *First*, contrary to the government's assertion (Opp. at 2), changed circumstances exist warranting an adjournment. Not only was the trial in *United States v. Blaszczak*, 17 Cr. 357 (LAK), unexpectedly advanced, it has now doubled in length and is not expected to end until sometime in May. These changes, resulting in significant overlap between these two clients and their trials, has entirely disrupted the preparation of Mr. Raishani's defense. Indeed, I will be unable to even meet with Mr. Raishani in prison to prepare his defense until after *Blaszczak* is concluded. In addition, as the government buries in a footnote (Opp. at 1, fn. 1), my colleague, Sarah Baumgartel, is no longer participating in *Raishani*, and has not been replaced on the matter. These changed circumstances simply prevent defendant or his counsel from being ready for trial in June.

      *Second*, Mr. Raishani will be materially prejudiced in the absence of an adjournment. He faces a three-count terrorism indictment and a statutory maximum of 20 years on each count, and deserves a meaningful, studied, and effective defense.

      *Third,* the government will not be prejudiced by the requested adjournment. While the government generally avers that its witnesses have made travel plans in light of the current schedule (Opp. at 2), the government nowhere asserts that it does not control those witnesses, or that their travel plans cannot readily be adjusted to the requested adjournment. Indeed, the only scheduling difficulty the government specifically identifies (Opp. at 3, fn. 3) is two weeks in July for one FBI agent. This minor issue cannot, and does not, outweigh Mr. Raishani's fundamental right to a meaningful defense.

      *Fourth*, the government's proffered compromise – moving the in limine motion schedule, currently set for April 23 to May 4, by two to three weeks – is unworkable. Even moved, the in limine briefing will overlap with the now expanded *Blaszczak* trial, and the government's proposal does not take into account that the Court must then decide the motions, and the parties

Hon. Gregory H. Woods, U.S.D.J.  April 9, 2018
Southern District of New York

*United States v. Raishani*, 17 Cr. 421 (GHW)

must then adjust their trial strategies to those Court decisions. The government's proposal simply crams more trial tasks into the same narrow time window. It does not resolve the underlying issue: defendant and counsel will not have sufficient time to prepare a proper defense in the absence of an adjournment.

    I again apologize for the necessity of this request, but the only way to ensure effective representation for Mr. Raishani is by postponing the trial date.

    I thank the Court for its ongoing attention to this matter.

    Respectfully submitted,

    /s/
    Daniel Habib
    Assistant Federal Defender
    (212) 417-8769

cc:    AUSAs Turner, Kamaraju, and Kim