```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/7/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SADDAM MOHAMED RAISHANI *also known as* ADAM RAISHANI,

Defendant.

No. 17-CR-421 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Trial in this case is scheduled to begin on December 3, 2018. The Government, with consent of Defendant, has moved this Court to implement security measures designed to protect from disclosure the true identities of a confidential source and an undercover employee expected to testify at trial. Specifically, the Government requests that the courtroom remain closed to members of the public, subject to certain exceptions, during these individuals' testimony. The Government has provided a proposed order, attached hereto, which is currently under the Court's consideration.

The public has a qualified First Amendment right to attend criminal trials. *See United States v. Alcantara*, 396 F.3d 189, 194 (2d Cir. 2005). In order to close a proceeding to which a right of access attaches, the Court must provide notice to the public, so as to ensure a meaningful opportunity for comment from persons other than the litigants. *Id.* at 199. Accordingly, before deciding this motion, the Court wishes to afford members of the public an opportunity to comment on and/or object to the Government's proposed order.

The Court will entertain any such comments or objections at a public hearing scheduled for Friday, November 16, 2018, at 2:00 p.m. in Courtroom 1506 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

SO ORDERED.

Dated:   November 7, 2018
         New York, New York

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ADAM RAISHANI,<br>a/k/a "Saddam Mohamed Raishani,"<br><br>Defendant. | S1 17 Cr. 421 (RA)<br><br>FILED *IN CAMERA* AND UNDER SEAL WITH THE CLASSIFIED INFORMATION SECURITY OFFICER OR DESIGNEE |

■ **The Government's *in Camera* Sealed Motion for Protective Measures Pursuant to Section 6 of the Classified Information Procedures Act**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Sidhardha Kamaraju
Jane Kim
George D. Turner
Assistant United States Attorneys
   *Of Counsel*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :     ORDER
        - v. -                       :
                                     :     S1 17 Cr. 421 (RA)
ADAM RAISHANI,                       :
    a/k/a "Saddam Mohamed Raishani," :
                                     :
                        Defendant.   :
                                     :
- - - - - - - - - - - - - - - - - - x
```

WHEREAS, the Government filed a classified motion pursuant to Section 6 of the Classified Information Procedures Act, 18 U.S.C. app. 3 § 6 (the "Motion"), seeking the implementation of certain protective measures in connection with the anticipated testimony at trial of a Federal Bureau of Investigation ("FBI") confidential source (the "CS"), a New York City Police Department undercover officer ("UC-1"), and an FBI undercover employee ("UC-2"), including the partial closure of the courtroom during the testimony of the CS and UC-2;

WHEREAS, the fact of the filing of the classified Motion seeking a limited courtroom closure was promptly reflected on the public docket for this case;

WHEREAS, the Court has considered the submissions and arguments advanced in connection with the Motion; and

WHEREAS, the defendant consents to the entry of this Order;

The Court hereby makes the following findings:

1. There is a substantial probability that requiring the CS or UC-2 to testify in a fully public proceeding would prejudice compelling interests of the Government, including: (a) protecting the true identity and safety of the CS, UC-2, and their families; (b) preserving the integrity of other national security investigations; and (c) maintaining law enforcement's ability to deploy the CS and UC-2 effectively in an undercover capacity;

2. There are no reasonable alternatives to partial closure of the courtroom that can adequately protect the compelling interests that would be prejudiced by requiring the CS or UC-2 to testify in open court; and

3. The prejudice to the compelling interests identified above overrides the qualified First Amendment right of the public and the press to access the proceedings without the limited restrictions implemented herein.

Accordingly, pursuant to Waller v. Georgia, 467 U.S. 39 (1984), United States v. Doe, 63 F.3d 121 (2d Cir. 1995), and United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005), among other authority,

2

IT IS HEREBY ORDERED that:

4. During the testimony of the CS and UC-2, only the Court, essential courtroom personnel, the defendant, the defendant's counsel, the defendant's close family, and the Government's trial team are permitted to be present in the courtroom;

5. This partial closure of the courtroom shall be tailored as follows: (a) a live audio broadcast of the CS's and UC-2's testimony shall be made available to the public at another location in the courthouse; and (b) transcripts of the CS's and UC-2's testimony shall be made publicly available as soon as feasible after their testimony; and

6. The public docket shall be updated promptly to reflect the disposition of the Motion seeking a partial courtroom closure, including the fact that, during the testimony of the CS and UC-2, the measures set forth in Paragraphs 4 and 5 above will be implemented.

IT IS HEREBY FURTHER ORDERED that:

7. Public disclosure of the true identities of the CS or UC-2 in connection with the trial of this matter is prohibited;

8. The CS and UC-2 are permitted to testify under pseudonyms instead of their true names;

3

9. The CS and UC-2 are permitted to enter and exit the courthouse and courtroom through non-public entrances on the dates of their testimony, and the courthouse staff and U.S. Marshals Service shall assist the Government to make the necessary arrangements for the use of such non-public entrances by the CS and UC-2;

10. Any videos, photographs, or other images of the CS or UC-2 that are shown in open court, or otherwise made available to the public, shall be altered to pixelate or otherwise obscure their faces (this measure shall not apply to materials viewed only by the Court, essential courtroom personnel, the jury, the defendant, his counsel and close family, and the Government's trial team);

11. The use of all non-official recording and photographic devices and methods, including sketching, is prohibited during the CS's and UC-2's testimony;

12. The defense shall not elicit at trial, during cross-examination of the CS or UC-2 or otherwise, personal identifying information relating to the CS or UC-2;

13. The defense shall not elicit at trial, during cross-examination of the CS, UC-1, UC-2, or otherwise, information about the CS's, UC-1's, or UC-2's participation in

4

other investigations or undercover activities unrelated to the defendant;

14. The defense shall not elicit at trial, during cross-examination of the CS, UC-1, UC-2, or otherwise, information relating to operational aspects of the means and methods used by law enforcement to record and capture the defendant's communications, such as the installation, placement, location, and concealment of recording devices, and the technology used to capture the defendant's electronic communications; and

15. The defense shall not elicit at trial, during cross-examination of the CS or UC-2, or otherwise, information relating to any classified training received by the CS or UC-2.

The Court reserves for the defendant the right to seek reconsideration of the rulings limiting the scope of cross-examination set forth in Paragraphs 13 through 15 above. Any

such application must be made with as much advance notice to the Court and the Government as possible, and upon a proper showing.

SO ORDERED.

Dated:   New York, New York
         _____, 2018

                                    _____
                                    HONORABLE RONNIE ABRAMS
                                    United States District Judge
                                    Southern District of New York