UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA,        :


       -against-               :     (S2) 17 Cr. 421 (RA)


ADAM RAISHANI,         :

        Defendant.       :

-------------------------------------------------------------x


## SENTENCING MEMORANDUM ON
## BEHALF OF DEFENDANT ADAM RAISHANI


Gerald J. McMahon, Esq.
*Attorney for Defendant Adam Raishani*
40 Fulton Street, 23rd Floor
New York, New York 10038
(212) 797-1877
gm@geraldjmcmahon.com

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.....................................................................................1

STATEMENT OF FACTS.........................................................................................1

    A.    Personal Background...............................................................................1

    B.    Physical, Mental and Emotional Health...............................................4

    C.    Education................................................................................................4

    D.    Employment............................................................................................5

    E.    Adjustment to Pretrial Incarceration......................................................6

    F.    Sentencing Letters..................................................................................7

    G.    The Plea Agreement and Offense Conduct............................................8

ARGUMENT...............................................................................................................9

    PURSUANT TO SECTION 3553(a), THE COURT
    SHOULD IMPOSE A SENTENCE OF NO MORE
    THAN FIVE YEARS IMPRISONMENT.............................................9

    A.    The Applicable Legal Principles.............................................................9

    B.    Considering the Lack of Any Actual Harm, Raishani's
        Unblemished Record and Strong Employment History,
        And the Unlikelihood of Recidivism, a Five Year
        Sentence is Sufficient But not Greater than Necessary...........................11

CONCLUSION............................................................................................................15

APPENDIX

## PRELIMINARY STATEMENT

Defendant Adam Raishani ("defendant") stands before this Court for sentencing, having pled guilty to a two count information charging him with Attempted Provision of Material Support to a Foreign Terrorist Organization ("FTO")(18 U.S.C. § 2339B) and Conspiracy to Provide Material Support to a FTO (18 U.S.C. § 371). This Court is charged with imposing a sentence that is "sufficient, but not greater than necessary, to fulfill the purposes of sentencing." See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008), cert. denied, 556 U.S. 1268 (2009) (quoting 18 U.S.C. § 3553(a)). For the reasons set forth more fully herein, we respectfully submit that the Court should impose a sentence of imprisonment of no more than five years.

## STATEMENT OF FACTS

### A.  Personal Background

Adam Raishani was born 32 years ago in Ibb, Yemen to Mohammed Raishani and Mahlyah Asaidi. (PSR: 43). His birth name was Saddam Mohammed Raishani, but he legally changed it to Adam Raishani some years ago. Defendant was initially raised in Yemen but, in the early 1990s, he immigrated to the United States with his parents. As such, he is a "derived" United States citizen. (PSR: 46). The defendant's father is 74 years old and a retired grocery store cashier. Defendant's mother is 64 years old, a homemaker, and lives with her husband in a first floor apartment at 1948 Gleason Avenue in the Bronx. (PSR: 43). When Raishani was arrested in June, 2017, he was living with his wife and son in an apartment on an upper floor at 1948 Gleason Avenue. (PSR: 51).

Mr. Raishani is one of two surviving children born to both of his parents. His older brother, Majid A. Raishani, is 37 years old, employed as a grocery store cashier, and lives at 1954 Gleason Avenue in the Bronx. (PSR: 44).  Defendant reports that his brother Majid is addicted to prescription medications and that the family is attempting to get treatment services for him. (PSR: 47). Defendant has four paternal half-siblings, all in their 40s or early 50s. Two currently reside in the United States and two live in Yemen, although one will be returning soon to the United States following his daughter's wedding. (PSR: 45).

Defendant, who is close to his parents, described his childhood as "Blessed, grateful and playful". He recalled that his father worked long hours to provide for his family and that his mother remained at home to care for the children. Both parents remain supportive of Mr. Raishani and visit him weekly in jail. (PSR: 47).

As he grew up in New York, Raishani recalled that he and his family on occasion traveled to Yemen  to visit relatives, and stayed there for extended periods of time. He heard or saw jets flying through the sky regularly and heard missile attacks. Having experienced Yemen during times of war, he described it as "scary". After completing high school in 2005, defendant lived with relatives in Yemen for seven or eight months before returning to his parent's home in the Bronx. (PSR: 49).

Adam Raishani married Rawdha Al Samet in Brooklyn, New York on August 24, 2014. Defendant reported that the marriage was arranged by their parents. Ms. Al Samet is 29 years old, and has been a homemaker who takes care of her and defendant's three year old son, Khalid

2

Raishani. Notwithstanding that it was an arranged marriage, defendant described his wife as a "sweet, beautiful and supportive" person and stated that they share a good relationship. (PSR: 50).

Probation interviewed defendant's mother (with the assistance of an Arabic interpreter). She wept throughout the entire interview. She described her son as a loveable and well-behaved child who had positive interaction with his peers. She did add, however, that when he had issues with a co-worker, "he then became sad". She was not aware of her son's intention to leave the United States. (PSR: 53).

Probation also interviewed defendant's wife (again, with the assistance of an Arabic interpreter). She described defendant as an "easy-going and kind-hearted person" and added that her life with him was "happy". Since his arrest, life was "very hard" for her, though defendant provided emotional and financial support for her and their son. (PSR: 55).

Ms. Al Samet said she and defendant had talked about traveling to Yemen for employment, but that it was a "total shock" when she was informed of his true intentions. When asked if she knew why her husband had decided to join ISIS, she told Probation:

> ...following harassing incidents at work due to Raishani's religion, he became sad. She reportedly witnessed him crying alone and when asked what was wrong, he would not say why he was crying. Ms. Al Samet believes that it may have been sometime after losing his job at the hospital, that the defendant began initiating a plan to leave the U.S.

(PSR: 55).

Ms. Al Samet also told Probation that "there are no words to describe the total affect her

3

husband's arrest has had on the entire family. ...[H]is parents cry every day... she and her son also miss him...the family will be devastated if Raishani remains in custody." (PSR: 56).

**B**. **Physical, Mental and Emotional Health**

 In 2010 or 2011, defendant suffered injuries to his back when he was rear-ended in a car accident. To this day, a disc in his lower back remains bulged. Raishani underwent numerous pain treatments, including acupuncture, shock therapy and massage. Additionally, for the last three or four years, including recently in MCC, he has experienced fungal infections on his feet which are treated with antifungal medication. Other than that, he currently enjoys good health. (PSR: 58, 59).

 With regard to mental health, on several occasions while attending college he met with mental health counselors because of the anxiety that he was experiencing. He was not, however, prescribed psychotropic medication at any time. (PSR: 60-62).

 Raishani admitted during his Probation interview that, in 2003 or 2004 and in 2009, he smoked marijuana regularly. He discontinued its use on his own. He last consumed alcohol in 2013, and disclaimed the use of all other illicit substances. (PSR: 63).

**C**. **Education**

 Mr. Raishani has always attended school regularly. As a child, he attended English-as-a-second-language classes and enjoyed his studies and being involved in extra-curriculum activities such as drama and chorus. However, during his primary school years, he experienced bullying and was often teased because of his name by fellow students and once by a teacher. He

4

felt isolated because of that bullying and teasing. (PSR: 48).

In June, 2005, defendant graduated from Lehman High School in the Bronx. (PSR: 66). In January, 2014, Raishani earned an Associate in Applied Science of Nursing degree from Bronx Community College. (PSR: 65). At BCC, Raishani was on the Dean's List and the recipient of Rudin Scholarships. In May, 2016, defendant earned a Bachelor of Science degree in Nursing from Dominican College in Orangeburg, New York. (PSR: 64). He had a 3.95 Grade Point Average (out of 4.0) at graduation and received the Nursing Excellence Award.

The New York State Office of Professions has confirmed that defendant was licensed as a Registered Professional Nurse on April 3, 2014, which license expires in August 2019. (PSR: 67).

**D**. **Employment**

Raishani worked as a clerk at the Broadway Deli Grocery in Brooklyn from 2007 through 2013. He left this job to attend college. (PSR: 74). Between 2013 and 2015, defendant was a student and did not work. (PSR: 73). From April 2015 through January 2016, Raishani worked as a Staff Nurse at Montefiore Medical Center in the Bronx. He left this employment "after experiencing negative reactions from co-workers due to his religion (Muslim). ... on one occasion someone used his prayer mat as a tablecloth." (PSR: 72). From February, 2016 to February, 2017, defendant was unemployed and financially supported by his parents. (PSR: 71). In February, 2017 defendant started working as an Uber driver. (PSR: 70). From March, 2017 through June, 2017 (arrest date),  defendant worked as an in-home care nurse for a private

visiting home-care service in the Bronx. Raishani last earned $75 per hour at that job and visited approximately 30 cases per week. (PSR: 69). Defendant most recently filed his U.S. tax return in 2017. (PSR: 77).

**E**. **Adjustment to Pretrial Incarceration**

Defendant has been incarcerated since his arrest in June, 2017. In that almost two year period, Raishani has made good use of his time by taking and successfully completing many New York State Education Department accredited courses. A list of his achievements at MCC includes the following:

|  |  |
|---|---|
| Completed: | FDIC Money Smart Skill |
|  | Focus Forward |
|  | Lead by Example |
|  | Step By Step |
|  | Drama |
|  | Resume Writing |
|  | Interview Skills |
|  | Non-Residential Drug Abuse Program |
| Instructor Aide: | Entrepreneurship |
|  | Business Acumen |
| Instructor: | Poetry Workshop |
|  | Time Management |
|  | Leadership & Influence |
|  | Conflict Resolution |

As part of an effort to assist his fellow inmates, Raishani also took a course in Inmate Companion Training and was awarded a Certificate of Achievement in Suicide Prevention.

On March 31, 2018, defendant was presented with a Certificate of Achievement from the MCC New York Education Department for "your dedication and contributions as an English and Spanish GED Tutor ...from November 2017 to March 2018. On September 26, 2018, Raishani

6

was awarded another Certificate of Appreciation for his overall "dedication and contributions to the MCC New York Education Department in 2018." And, on February 21, 2019, Mr. Raishani was awarded a Certificate of Appreciation for his contributions as an English and Spanish GED Tutor, and as an Instructor Aide in two courses and Instructor in four other courses. Copies of the Certificates of Appreciation are appended hereto as Exhibit A.

**F**. **Sentencing Letters**

Appended hereto as Exhibit B are letters (B1 - B23) are letters from relatives, friends, program directors and fellow inmates of defendant. The first letter (B1 - B4), from Mr. Raishani, reveals a highly motivated, highly disciplined young man who was well on the road to great success before going very badly off the rails. He does not in any way try to excuse his conduct.

> I apologize for betraying this country. This country gave me many opportunities that I would never have received in my birth land. (....) I am also sincerely sorry for the pain that I have brought to my family, friends and loved ones.

Exhibit B1. Defendant's father (Exhibit B5) and wife (Exhibit B6 - B7) describe a person who was always kind and always helpful. They were and are shocked by the choices that he made because it was so out of character with the person that he is.

Of particular interest is the letter (Exhibit B9) from Kenneth Ocasio, RN, who was a classmate and became a friend of Raishani in nursing school. Mr. Ocasio writes:

> Adam was the smartest student in the class and we became friends during countless late-night study session[s] in the library. The Adam that I came to know not only was smart and hardworking he was a gentle soul who was accepting of me as a person and of my Christian religion.
> I would like your Honor to know that Adam was a supportive friend to his classmates. He would unselfishly share [h]is time and knowledge to help us

7

get through our program. He always had encouraging words and positive support for us all. I also got the opportunity to see him interact and care for his patients and once again I saw a caring and gentle soul.

While I acknowledge the mistake that Adam made[,] I believe he deserves a second chance to prove he could learn from his mistake and become a father and a positive role model to [his] son.

Exhibit B9.

The letters from Mikayla Carignan, Class Facilitator for The Focus Forward Project (B17), and Antonio Hendrickson (B18), attest to the qualities that defendant brought to the programs that he so eagerly participated in at MCC. Finally, the letters (B19-B23) from his fellow inmates confirm how helpful defendant was in providing tutorial assistance as well as support and encouragement.

## G. The Plea Agreement and Offense Conduct

Adam Raishani pleaded guilty on November 14, 2018 to both counts of a superseding information (S2) charging him with attempting to provide material support to a foreign terrorist organization (18 U.S.C. § 2339B), and conspiring to provide material support to a foreign terrorist organization (18 U.S.C. § 371). During his plea allocution, defendant admitted attempting to travel to the Middle East to join ISIS and use his medical skills to "help 'anyone who needed his services.'" (PSR: 23). Raishani also admitted helping another individual ("CC-1") travel to the Middle East in 2015 for the purpose of joining ISIS. (PSR: 22).

Defendant's plea was pursuant to an agreement with the government dated November 12, 2018 ("Agreement"). In that Agreement, the parties stipulated that the applicable Guidelines

8

offense level (with various upward adjustments) was 37, that defendant's Criminal History Category was VI (by operation of statute - defendant has no prior criminal record), and that the Stipulated Guidelines Range was 360 months to life imprisonment. (PSR: 5). Probation agreed with the parties' Guidelines calculations. (PSR: 81).

## ARGUMENT

### PURSUANT TO SECTION 3553(a), THE COURT SHOULD IMPOSE A SENTENCE OF NO MORE THAN FIVE YEARS IMPRISONMENT

**A. The Applicable Legal Principles**

In *United States v. Booker,* 543 U.S. 220 (2005) the Supreme Court rendered the Sentencing Guidelines "effectively advisory". *Booker*, 543 U.S. at 245. Post-*Booker*, as the Second Circuit observed, [i]t is now ... emphatically clear that the Guidelines are guidelines – that is, they are truly advisory." *Cavera*, 550 F.3d at189.

As a procedural matter, district courts "must treat the Guidelines as the starting point and the initial benchmark" in calculating a sentence. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). However, sentencing courts may not presume that a Guidelines sentence is reasonable. See *Nelson v. United States*, 129 S.Ct. 890, 891-92 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable" [emphasis in original]); see also *Cavera*, 550 F.3d at 189 ("district court may not presume that a Guidelines sentence is reasonable"). Additionally, the

9

Guidelines may not be assigned any presumptive weight over the other factors set forth in § 3553(a). *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008).

*Gall*, *Kimbrough* and *Nelson* have effectively restored the district courts' broad sentencing discretion by permitting them to impose a sentence after considering all the § 3553(a) factors, with the Guidelines being only one such consideration. *United States v. Jones*, 531 F.3d 163, 173-74 (2d Cir. 2008). Adhering to *Booker* and *Jones,* section 3553(a) requires this Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). 18 U.S.C. §3553(a). Section 3553(a)(2), in turn, requires this Court to consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

Additionally, section 3553(a) obligates this Court to consider: "the nature and circumstances of the offense, and the history and characteristics of the defendant;" "the kinds of sentences available;" "the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... issued by the Sentencing Commission;" "the need to avoid unwarranted

10

sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." <u>Id</u>. § 3553(a)(1), (a)(3) - (a)(7).

As explained below, applying the foregoing legal principles to the facts of this case confirms that the Court should impose a sentence of no more than 60 months imprisonment on defendant Adam Raishaini.

**B. Considering the Lack of Any Actual Harm,
Raishani's Unblemished Record and Strong
Employment History, and the Unlikelihood
Of Recidivism, a Five Year Sentence is Sufficient
But Not Greater Than Necessary**

Mindful that a Guidelines sentence may not be presumed to be reasonable (*Cavera*, 550 F.3d at 189), if you consider the traditional § 3553(a) factors, it is clear that a five year sentence of imprisonment for Adam Raishani is sufficient but not greater than necessary.

1) Reflect Seriousness of Offense, Promote
<u>Respect for Law, and Provide Just Punishment</u>

No one disputes the seriousness of the crimes that defendant pleaded guilty to. On the other hand, a five year prison sentence for a young man who has never been arrested before is equally serious and is, indeed, a "just punishment". Mr. Raishani was fortunate that law enforcement interrupted the crime before it was fully committed, but the lack of actual harm is a factor that this Court should consider.

2) <u>Adequate Deterrence to Criminal Conduct</u>

A sixty month prison sentence, followed by a period of supervised release, is clearly not

11

a "slap-on-the-wrist". It sends a clear message to those who might look favorably on foreign terrorist organizations, that they support them at their peril.

### 3) Protect the Public From Further Crimes of Defendant

All signs point to the conclusion that Mr. Raishani is unlikely to re-appear before this or any other Court. His educational background and strong employment history, his loving and supportive family, not to mention his extraordinary rehabilitative efforts while in pretrial detention, are all factors suggesting that the public needs little protection from defendant upon his release from prison.

### 4) Provide Defendant with Educational & Vocational Training

Mr. Raishani has already demonstrated a willingness and desire to supplement his college degree and nursing background while incarcerated.

### 5) History & Characteristics of Defendant

This case represents Mr. Raishani's first encounter with the criminal justice system. His characteristics are evident from his achievements and the testimonials from his classmates to his fellow inmates. He is bright, exceedingly hard working, religious, serious, disciplined, and kind to family, friends and even strangers. His criminal conduct in this case could not have been more of an aberration.

### 6) The Guidelines Sentencing Range

Defendant stipulated to the Guidelines Range of 360 months to life imprisonment (capped by the statutory maximum of 300 months). Such a high Guidelines range is the result

of U.S.S.G. § 3A1.4 which, in a classic example of double-counting, turned defendant's Criminal History Category ("CHC") I into a CHC VI. That section also unilaterally added 12 levels to the base offense level of 26 (plus 2 for § 2M5.3(b)(1)(E)). Without those adjustments, Raishani's Guidelines would have been 57-71 months. While the double-counting has been approved by the Second Circuit (*United States v. Meskini*, 319 F.3d 88 (2d Cir. 2003)), the reasons for that approval (likelihood of recidivism, difficulty of rehabilitation, need for incapacitation) are uniquely <u>not</u> present in this case.

### 7. <u>Need to Avoid Unwarranted Sentencing Disparities</u>

Two cases from the Southern District of New York and one case from the Northern District of California show that anything more than a five year sentence for Mr. Raishani would be an unwarranted sentencing disparity.

In *United States v. Oumar Issa, Harouna Toure, and Idriss Abdelraham*, 09 Cr. 1244 (BSJ), the three defendants pleaded guilty (Toure and Abdelraham each pleaded guilty on the first day of trial) before then District Judge Barbara S. Jones to Conspiracy to Provide Material Support to a Foreign Terrorist Organization (Al Qaeda & FARC) (18 U.S.C. § 2339B). At the time of these pleas (in 2012) the statutory maximum sentence for § 2339B was 15 years or 180 months. The Guidelines range for each of the three defendants was 292 to 365 months. The government recommended (ECF Nos. 102, 134) the statutory maximum of 180 months for each defendant. Judge Jones sentenced Issa to 57 months, Toure to 63 months and Abdelraham to 46 months imprisonment.

In *United States v. Javed Igbal and Saleh Elahwal*, 06 Cr. 1054 (RMB), the defendants pleaded guilty to Providing Material Support to a Foreign Terrorist Organization (Hezbollah). The Guidelines for Igbal were 63-78 months, with no 12-level terrorism enhancement nor any automatic CHC VI. Elahwal received a downward adjustment for minor role in the offense, so his Guidelines were 41-51 months (again, no terrorism enhancement nor CHC VI). The government recommended (ECF Nos. 107, 122) Guidelines sentences for both. Judge Berman sentenced Igbal to 69 months imprisonment and Elahwal to 17 months imprisonment.

Finally, the facts of *United States v. Islam Said Natsheh*, 16 Cr. 166 (RS) (N.D. Cal.) are virtually identical to the facts in this case. There, the defendant was a young man with no prior criminal record who was also a United States citizen. He had become radicalized and over a period of months engaged in discussions about joining ISIL. When he acted on those conversations, he was arrested at the airport and charged with Attempting to Provide Material Support to a Foreign Terrorist Organization; the same charge Mr. Raishani pleaded to. By 2016, the statutory maximum for that charge had been increased to 20 years. At the sentence proceeding (ECF No. 26) on July 24, 2017, the district judge found the Guidelines to be Offense Level 37 (with the terrorism enhancement), CHC VI (with terrorism adjustment), yielding a Guidelines range of 360 months to life (capped at 240 months by the statutory maximum). (ECF No. 26, Tr. 3). The government recommended a 15 year sentence and the defense a four year sentence. (Id. Tr. 4). The court explained the rationale for its sentence:

> And we won't really ever know what might have transpired, but we certainly could have faced the prospect in particular because of his citizenship and he

14

could have come back to the United States at some point, at a point where that could have been dangerous.

(....)

[But] there wasn't any training. There weren't any weapons involved. There wasn't any providing financial assistance. There doesn't appear to have been any direct effort to recruit others. The conduct really was restricted to starting the process of joining up with a terrorist organization.

The terrorist enhancement and the statutory maximum are intended for very different cases than we have here. (....) So I think it is a significant sentence to impose a 60-month sentence. That's a long time. [And] defendant shall be placed on supervised release for a period of six years.

ECF No. 26, Tr. 31, 32, 33.

The cases cited above demonstrate that a sentence of approximately five years for Adam Raishani would be fair and just. The Court should impose it.

## CONCLUSION

For the reasons set forth above, this Court should impose a sentence of no more than 60 months' imprisonment.

Dated: New York, New York
     March 18, 2019

Respectfully submitted,

Gerald J. McMahon, Esq.
*Attorney for Defendant Adam Raishani*
40 Fulton Street, 23rd Floor
New York, New York 10038
(212) 797-1877
gm@geraldjmcmahon.com

To: All Counsel (by ECF)

15

# APPENDIX

# EXHIBIT A



2018

# MCC NEW YORK

## EDUCATION DEPARTMENT

Presents this Certificate of Appreciation to:

# ADAM RAISHANI

For your dedication and contributions
as an English and Spanish GED Tutor
for the MCC New York Education Department

From November 2017 to March 2018.

Given this 31 day of March, 2018.

L. R. Johnson
Education Specialist
Literacy Coordinator
Chief GED Test Administrator
MCC New York

*He who opens a school door, closes a prison. ~ Victor Hugo*



2018

# MCC NEW YORK

## EDUCATION DEPARTMENT

Presents this Certificate of Appreciation to:

# ADAM RAISHANI

For your dedication and contributions
to the MCC New York Education Department in 2018.

*Because of your hard work and tutelage,
many pre-trial students whom would not
have otherwise had an opportunity, now have
an opportunity to study and pass the GED
exam. In 2018, we had 24 GED Graduates!*

*Thank you for giving back and helping
others attain their educational goals!*

Given this 26 day of September, 2018

L. R. Johnson
**Education Specialist**
**Literacy Coordinator**
**Chief GED Test Administrator**
**MCC New York**

*He who opens a school door, closes a prison. ~ Victor Hugo*



MCC NEW YORK

EDUCATION DEPARTMENT

Presents this Certificate of Appreciation to:

ADAM RAISHANI

For your dedication and contributions
as an English and Spanish GED Tutor;
Adult Continuing Education Instructor Aide in
in Entrepreneurship and Business Acumen; and, as an
Adult Continuing Education Instructor in Time Management,
Poetry, Leadership and Influence, and Conflict Resolution
for the MCC New York Education Department.

Given this 21 day of February 2019

LR Johnson
Education Specialist
Literacy Coordinator/Test Administrator
MCC New York

2019

*He who opens a school door, closes a prison. ~ Victor Hugo*

# EXHIBIT B

Honorable Judge Abrams,

I am writing this letter to you hoping that it may bring some insight of me as an individual. First and foremost I would like to begin by holding myself fully responsible for my actions. I apologize for betraying this country. This country gave me many opportunities that I would never have received in my birth land. I am sorry to the courts for using their time and resources. I am also sincerely sorry for the pain that I have brought to my family, friends and loved ones. I must live with these repercussions for the rest of my life. Despite this I believe I still have much more to live for and much more good to give to my family, friends and to society.

I was born in Yemen and first came to America at the age of five, when I became a naturalized citizen. I am the youngest in my family. I am the first in my family to complete college and obtain a respected profession.

After having several meaningful relationships I finally got married in the late summer of 2014. I love my wife immensely. I know my actions might suggest otherwise but I am a

**B1**

devoted husband and father. I am considerate to my family's needs and I always tried to do whats best for us and the family. We have an amazing child together. I feel our marriage has been strenghtened through these unfortunate circumstances. My son and I are remarkably bonding even more compared to the beginning of my imprisonment. He is bright and now grasps simple ideas and ways of life such as me being his dad and sharing his mommy's love.

I became board certified as a registered nurse on April of 2014 and landed my first position at a local New York hospital year later. I love this profession because it provides me an opportunity to help people in their time of need who are suffering from various ailments. It also allows me to grow as a compassionate human being and obtain life changing skills and experiences. Just before my incarceration I was a visiting nurse for a home care company attending to the needs of patients in their homes all while assessing their living situations and supervising their home aides. While detained at MCC, I have assisted fellow inmates on health-related issues and provided teaching on prevention. After being in this line of work I have seen the bodies of people who have passed away

B2

and in jail, I have witnessed men coming close to death through violence such as stabbings or being struck by hard objects. This has traumatized me in such a way that it alters my social activities for days and weeks. Its one thing to see the horrendous ISIS propaganda videos but another to witness and experience violence in jail. I am shocked and firmly believe that all forms of violence are wrong and is not a solution to a problem.

As for my goals, I have many but I will renew my love of nursing and refresh my medical knowledge prior to my release. Upon my release I will adjust to the post incarceration life by reaching out to organizations that help felons with resources, employment opportunities and social services. I will begin to see a psychologist monthly as apart of my continuing rehabilitation. At six months I will have a job that supports my family all while saving money for an eventual down payment on a home. A year into my release I would like to begin the process of enrolling into a formal Nurse Practitioner's program. Then finally within five years I would like to become a practicing NP in an emergency room and make a down

B3

payment for my first home for my family.
     I am extremely remorseful for the
wrongs I have done but at the same
time I am deeply grateful to have a
family that supports and provides for me
despite the drastic error that has caused
me to lose time away from them. Indeed
I am also grateful to be alive and here
in America, to be able to see my loved
ones on weekly basis. I cannot blame
anyone else but myself. I am disappointed
and ashamed for what I have done. It was
my actions and way of thinking that lead
me here. I denounce any organization or
extreme ideology that hides behind a cover of
a religious or political motive while bringing
violence, death and turmoil to innocent
people. I ruined these great opportunities
for myself and my family. Everyone was
expecting more from me. Allow me the
chance to redeem myself and be a
beacon of hope and support to everyone
I cared about just as they did before
and while I was incarcerated.

   Respectfully yours,
     Adam Raishani

**B4**

**The Honorable Ronnie Abrams**
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

I could not ask for a better son. I cry everyday over the fate of my son Adam and still cannot believe what has happened and pray that god will have mercy on son Adam. Out of all of my five children Adam was the one who would go out of his way for me and family whether he would do something as simple as take out the trash or help with a family. I would never worry that something would get done that I needed or another family member needed. When I asked Adam to help me. Adam was the one child that would go out of his way to help out of all my five children. Adam took care of our family. He would pay all the bills and utilities and I would never have to worry paying late. I cry every day and am so sad that this is the fate for my son who was so full of life and such a beautiful person. Even incarcerated in Federal Prison. Adam still has not lost his values and is so worried how his actions have impacted the family and there life, Losing my son to his actions has taken a toll on my health. My other four siblings don't care as much as Adam and do not help as much as Adam. Not only did Adam help with the bills, Adam would drive us around and take us out. There is a void I cannot fill with my other four children. I ask that when the sentence is imposed that all of this is taken into consideration and the lightest sentence is imposed. I am not making excuses for the actions of my son, I am asking that a sentence is imposed where he will still have some life with his family because of who he really Is and the excellent values that he instilled upon his family, friends and strangers. When this happened I lost my mind and still to this day. We are honest people and our religion that we believe in so much teaches us goodness and peace.

Sincerely,

Mohammed Raishani

**B5**

**The Honorable Ronnie Abrams**
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

I would like to tell you my story and the true character of my husband Adam. I came from the Yemen. Adam and I met and married because we really loved each other. Adam taught me to raise my Standards of living. My husband taught me that there was a better way of life than I was living. My husband Adam has such a beautiful heart and has a beautiful son and is such a good family man.

Since this has happened I break down all the time. My husband and I have been married for 41/2 years. In the early part of our marriage Adam would worry because he would not be able to be the husband that I needed because he was in school and would tell me to be patient and that he would make it up to me. Of course I understood and told him not to worry because I loved him and believed in him. After school my husband got a job at Montifore Hospital. Adam was so happy working as a nurse and doing what he loved. No matter how hard he worked he would always take time out of his day to call me and tell me how much he loved me and that he could not wait to he came home to be with me and our baby. As Adam and our love grew he taught me to believe in myself and to be the best person I can be and to never give up on myself. Adam and I had a dream to own our own home and to raise many children. Adam is the best thing that ever happened to me. Before the delivery of our son he told his job he needed time off to be with me every step of the way and through the delivery. After the birth of our son

**B6**

Adam and I got a lot closer because he loved being a father as much as he loved being a husband.

Before everything happened my husband told me he felt he could not make me happy and that he was under so much stress.I told him I would be there for him no matter what and to open up to me about what was wrong. He cried and could not tell me. When the police told me he left and everything happened I fainted and could not believe it. It hurts everyday and I feel like I lost a  part of myself since this has happened. Although I have the support of my family to help me through this and raise my son it is now so difficult. I talk to Adam every night from prison and pray that the outcome will be for him to come home to his family as soon as possible. He is very humble for his actions and when I visit him in prison he just hugged me and cried how sorry he is for his actions and that he failed as a husband to me and a father to his son. My husband asks for forgiveness everyday and prays that the court will forgive him and impose the lightest sentence possible. I tell my husband to be strong and god will show us that somehow we will get through this. I would like the judge to take into consideration that my husband would never harm anyone. He is very remorseful for his actions. Everyone who knows Adam has always looked up to him and is so broken hearted about what has happened. In the Muslim religion we believe in the higher power and pray that the Honorable judge will see him for who he really is and not for the actions of that day.

Sincerely,

Rawdah Alsamet

**B7**

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

I cry everyday and my family and I try so hard to be strong for each other and Adams son but It
is so impossible to believe in life since this has happened.  My heart suffers so much since he is
no longer here and this has happened. I still cannot believe this has happened to him he is the
most kind and loving son. It is so hard for me to put into words how much I am hurting everyday
as his mother and how hard it is everyday for my family. I ask god everyday to help with this
situation and for the Presiding Honorable Judge Ronnie Abrahams to have mercy on my son
and his sentencing. I am not condoning what my son did. I am asking the court to have mercy
on him and his actions and to Impose the lightest sentence possible. I am an elderly woman and
do not want to die with my family situation the way it is now.

Sincerely,

Mahlyah al saidi,

**B8**

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
    S1 17 Cr. 421 (RA)

Dear Judge Abrams:

My name is Kenneth Ocasio, I am a registered nurse who met Adam Raishani in nursing school. Adam was the smartest student in the class and we became friends during countless late-night study session in the library. The Adam that I came to know not only was smart and hardworking he was a gentle soul who was accepting of me as a person and of my Christian religion.

I would like your Honor to know that Adam was a supportive friend to his classmates. He would unselfishly share is time and knowledge to help us get through our program. He always had encouraging words and positive support for us all. I also got the opportunity to see him interact and care for his patients and once again I saw a caring and gentle soul.

While I acknowledge the mistake that Adam made. I believe he deserves a second chance to prove he could learn from his mistake and become a father and a positive role model to son.

Sincerely,

Kenneth Ocasio, RN

B9

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

I have known Adam since I was seven years old. I have known him altogether for twenty
years. Adam and I first became close when I came to this country. To this day I am still
shocked stage this has happened and would never believe Adam would do something
like this. Since Adam has been incarcerated my heart has felt broken everyday. Helping
other's is something Adam loved to do. He is such a generous and giving person. Adam
is very educated and has always had such excellent conduct People still ask me about
him and how he is doing and state to me what a really good person he was and cannot
believe that this has happened to him. Adam always saw the good in everybody and
was always positive. I know that Adam comes from a loving family, Your honorable
judge I have watched Adam's family be torn apart by this. I try so much to be there for
his son who is being raised without his father. Adam was such a loving father to his son
as well as his family, friends and strangers. I have in visited jail Adam and he is so
remorseful for his actions and deep down inside he is truly repentant over what he has
done Since it happened Adam tries to maintain his strength for his family and friends.

Sincerely,

Ahmed Alsamet

B10

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

My name is Mdrahman and I am old man and Neighbor of Adam Raishan I have known Adam for ten years. In those ten years I have only known Adam to help me and help others and have very good conduct. One time my battery died and my car did not work. Adam not only took the time to get a battery to help with my car to fix it, Adam let me keep the battery to save me money because I did not have the money at the time to purchase the battery. Another time I got locked out of my home and Adam purchased tools so I could get back into my home and fixed the lock and door. Adam was the only person to help me. Nobody in my family helped me. I would see Adam every morning and say good morning to him with a smile on my face. I feel very sad and uncomfortable with what has happened and that I am no no longer able to see him and how hard it is on his family since he is not around. Adam loves Animals and would help an animal who was sick and treat the animal with love the same way he would treat people. Adam would never hurt an animal and would never hurt a human being. Since this has happened I feel like I have lost a son. Adam is such a good person has such good conduct. I still cannot believe that this happened to him and hope you will impose your sentence that is fair and still allow him a life with his family and close friends.

Sincerely,

Mdrahman

B11

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

My name is Raddwan Alsaidi I was raised by my uncle Adam Alrashani who stands before you today. Adam raised me and taught me good character. Adam taught me to be the best person | could be and to not be a follower and to be a leader. He taught me to be responsible and taught me English and to make good choices and if i made a mistake to make it right with sincerity and from the heart. My uncle Adam took the time to instill values in me as a young child that if he had not taken the time to raise me and instill these values I would not be the person I am today.

The defendant Adam made sure that I went to school and learned how to read and speak English so I would be able to build a very good life for myself in this country .My uncle Adam raised me to be very good to myself and others and to treat people with respect, My uncle taught me to treat people as if I wanted to be treated and to never lower yourself to another individuals bad behavior or values . Adam taught me to eat healthy. My uncle Adam is the kind of person that would Want the best for a person he loved or a complete stranger before he would want the best for himself.

One example that stays with me of Adam helping a complete stranger was a day when we were driving and Adam noticed that there was a harmful object middle of the road. Instead of my uncle Adam just continuing on or taking another route Adam made a u - turn and removed the harmful object out of the way to avoid an innocent person from being involved in an accident .

**B12**

Adam is part of the Muslim religion. This religion believes in peace not war and to treat people with respect and goodness, These values were instilled in me by Adam with sincerity, and never force. I still can not believe that this have happened to him and hope you will impose a sentence that is fair and still allow him to live with his family and close friends.

Sincerely,

Raddwan Alsaidi

**B13**

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)


Dear Judge Abrams:


My name is Ahmed Raishani. Adam raised me and taught me good character. Adam taught me to be the best person I could be and to not be a follower and to be a leader. Adam taught me to be responsible and taught me English and to make good choices and if I made a mistake to make it right with sincerity and from the heart. Adam taught me to make a mistake right because we are human but to do something because you want to not for selfish reasons. Adam is my mentor to this day. Adams values has not changed while he has been in prison for two years so far within the Federal Prison System. Everyone who knows Adam has always looked up to him and Is so broken hearted about what has happened. In the Muslim religion we believe in the higher power and pray that the judge will see him for who he really is and not for the actions of that day.


Sincerely,

Ahmed Raishani

**B14**

**Bronx Kids Pediatrics**
**2901 White Plains Rd**
**BRONX, NY  104678129**
**Ph: (718) 708 - 4594**
**Fax: (347) 326 - 7217**

1/30/2019

To Whom It May Concern,

Khalid Raishani DOB 1/27/16 is a patient of this practice.  When he was an
infant he was brought to every appointment by his mother and father together.
Both parents are very responsible and deeply care about their child.

Please call me if you have any questions.

Sincerely,

Dr. Joice Samuel

Dr. Joice Samuel
NY
New York

Dr. Joice
NY
NH

**B15**

**The Honorable Ronnie Abrams**
**United States District Judge**
**United States Courthouse**
**40 Foley Square, Room 2203**
**New York, New York 10007**

Re: United States v. Adam Raishani
SI 17 Cr. 421 (RA)

Dear Judge Abrams:

My name is Aftekahr Alsaidi and I am mother of three beautiful kids. Adam Raishani lives on the same street as me and I have known Adam for 15 years. In all 15 years that I have known Adam he sincerely help people anyway that he could because that is who he is and his true nature. In 2012 there was a house fire and the home that belonged to me and my family was destroyed. Adam was in school at that time to be a nurse. Adam not only let our whole family live with him after the fire; he helped us get a new home that we loved just as much and could make ours. Adam did that because he wanted to, not because he felt obligated to do so. My son was hit by a car four years ago after the house fire, and after my son was hit by the car, he helped me emotionally every day out of the goodness of his heart. As well as with his knowledge of being a nurse.

Sincerely,

AFTEKHAR
أفتخار

Aftekahr Alsaidi

B16

Dear Adam,

congratulations! you've completed focus Forward! i'm sorry i couldn't make it there today, but I wanted to thank you for sharing this experience with me. Going into the class, i wasn't anticipating playing such a quiet role. however, i quickly realized I had far more to learn, than to say. I hope my quietness wasn't interpreted as a lack of care or interest, as it is quite the opposite.

I looked forward to being welcomed to class every week by your kind eyes and hello. Thank you for being continuously supportive about my sister. Your speech about your mother is forever in my soul - a brave woman, who raised a brave son. In a system that is trying its hardest to dehumanize you, remain hopeful, inspirational, aware, and most importantly, you . you au deserve so much more. I will forever carry your words with me. thank you again, and I will miss you.
              peace, mikayla

**B17**



198 E 161st St, Bronx, NY 10451, leadbyexample12@gmail.com, {732} 430-9020

March 29, 2018

To Whom It May Concern,

My name is Antonio Hendrickson, Founder of Lead by Example & Reverse the Trend Inc., (LBE & RTT Inc.), Self Improvement Violence Prevention Mentoring Program. We are a Non for Profit CBO service provider for at risk youth, teens and young adults.  LBE & RTT Inc., is a self improvement program in which our goal is to strategically address our community needs by implementing a direct hands on approach to a wide variety of communal concerns and issues. The program deals with the individual, morality, and values which helps attack the heart of problems.

I am writing this letter on behalf of Adam Raishani, who is currently at the Metropolitan Correctional Center and works with LBE & RTT Inc., as a Co-Facilitator.   We are willing to receive him into our organization to help educate and inform the participants in our program.  Through redirection and empowerment, enhancing communication and social skills, Mr. Raisani will assist and help people become positive, assertive adults who have a strong sense of self-awareness and their true potential. For more information please view our website @ http://wwwleadbyexamplereversethetrend.org/

LBE & RTT Inc., believes that Mr. Raishani will be very instrumental with the progress of the program and willingly assist where he's needed.  He is dedicated, passionate, a leader and a determined individual.  It will be an absolute pleasure to work with him as a volunteer with our team.

Please feel free to contact me @ {732} 430-9020 or leadbyexample12@gmail.com.

Respectfully,
*Antonio Hendrickson*
Antonio Hendrickson
LBE & RTT Inc.
Founder & CEO
leadbyexample12@gmail.com

**B18**

Dear Judge Abrams,

My name is Richard Laugel, and I am currently an Inmate at the Metropolitan Correctional Center (MCC). Prior to my incarceration I served honorably as a United States Marine. My enlistment included several tours to Iraq, as well as to Japan and Korea. During my enlistment, I achieved the rank of Sergeant and was ultimately responsible for an entire platoon of Marines.

I am writing this letter to you today, in order to serve as a character reference for Mr. Adam Raishani #76012-054. While I understand that a character reference from a fellow inmate comes with limited credibility, I also believe that I can provide you with a unique & unbiased aspect of my personal interactions with Mr. Raishani.

As a federal Inmate at MCC, I have personally dealt with all types of Inmates, from many different walks of life. I have met with everything from first time, white collar offenders to violent career criminals, many of whom I would consider unfit to once again co-exist amongst a civilized society. With that being said, I would describe my personal experience in dealing with Mr. Raishani as nothing but pleasant. Mr. Raishani is someone that I would honestly describe as being a examplary inmate. During the last seven months that I have spent in the same unit with Mr. Raishani, I have seen him display a positive attitude with

nothing less then the utmost respect for fellow inmates, the correctional officers that work here, and the institution as a whole. Mr. Raishani is a volunteer tutor and routinely goes out of his way not only to better himself, but also to help others. Mr. Raishani provides a positive example for other Inmates to look up to, and I am proud to call him a friend. Mr. Raishani is one of the few Inmates that I can confidently say will find a way to turn his incarceration into something positive, and will eventually return to once again contribute to society.

As human-beings, we are all bound to make mistakes throughout our lifetimes. Our modern society has been shaped and molded not only by our mistakes, but by the adjustments that we, as a people, have made in response to them. Without our past mistakes, we likely would not have the free & democratic society that we have today. While I fully understand that Mr. Raishani made a monumental mistake by participating in the actions that resulted in his incarceration, I do firmly believe in my heart that he could ultimately change for the better, and continue having a positive influence on others. It is with the utmost respect for our Judicial System that I ask for leniency to be considered when sentencing Mr. Raishani. Thank you for your consideration & taking the time to read this.

Richard Lauget 76169-0

B20

Your Honor, Judge Abrams

I am writing this letter in support of the plight of Mr. Adam Raishani (76012-054)

I have known Mr. Raishani as a fellow inmate in the same Unit of the Metropolitan Correction Center (MCC) for twelve months now. We have been both assigned by the Director of Education here at MCC tutors to prepare inmates for the General Education Development (GED) examinations. We were both "inmate companions" in the "suicide-watch" program. We also share similar professional background. Mr. Raishani, a nurse by training, and I, a medical specialist, are often asked by fellow inmates for informal health-related advices and suggestions.

Mr. Raishani is a gentle person who commands respect from inmates and officers alike. He is always polite and courteous, and speaks softly, with reason, dignity and amity. He connects well with people, and always tries to be helpful.

Mr. Raishani also impresses me with his affection for his family, especially his son of three year old. Everytime when he spoke about his son, the excitement radiating from his inner joy was most touching and moving. Twice, we sat next to one another during visitation sessions. I personally witnessed the way he interacted with his son. When Mr. Raishani held his little boy in his arms, the love that manifested from such bonding was quite evident that he regarded this attachment with fondness, endearment, and with pride.

I am glad to have had the opportunity to have known Mr. Raishani despite due unpleasant environment and circumstances.

Respectfully,

HO, Chi Ping, Patrick, M.D.
Inmate 76101-054

December 11, 2018

B21

Dear Honorable Judge Abrams.        11/15/2018

I am writing to you about Adam Raishani. We have lived in same unit for about 17 months now and beside him helping me, he has helped others. Adam is a guy who is always putting others before himself but in good ways he is always trying to get new programes to keep him and others busy and out of trouble. He would make confusing things in seience easier for me to understand. On top of that he is always pushing me to seek a better life by going to college and doing better for myself. I thank him all the time for helping me and pushing me to get my G.E.D. Without him on the unit we wouldn't have half the programes we have now and the amount of people we have trying to get their G.E.D.

Sincerely,
Matthew # 07172-748
Hattley

B22

Dear Honorable Judge Ronnie Abrams

My name is Francisco Ramos # 90137-053
I would like to said a few words about
Mr. Raishani. I recently obtained my GED here
at M.C.C Facility, Mr. Raishani was one of
the tutors that helped me on the study sessions
in order to pass the exams to get the G.E.D.
Mr. Raishani was of great support to me
personaly, he was always helping study and encouraging
me to keep going and not to stop and give up.
He is a very helpful person and he is always
willing to help others. I believe that without his
help and willingness and time to be there for me
I would have not completed my GED, I am very
thankful for his help and I know that he will
be of great help to others.

Sincerely; Ramos, Francisco
R# 90137-053

B23