| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: |
| SADDAM MOHAMED RAISHANI,<br><br>                   Petitioner,<br><br>           v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | 20-CV-5936 (RA)<br>17-CR-421 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

       Petitioner Saddam Mohamed Raishani, a/k/a Adam Raishani, moves pursuant to 28 U.S.C. § 2255 to vacate his sentence in connection with his 2018 convictions for attempting and conspiring to provide material support to a foreign terrorist organization. Raishani contends that he should have faced a statutory maximum sentence of 15 rather than 20 years for his violation of 18 U.S.C. § 2339B, and therefore argues that (1) his counsel was ineffective for failing to raise this issue, and (2) his guilty plea was not valid. *See* Dkt. 69, hereafter "Petition," at 3.[1] For the reasons that follow, the petition is denied.

## BACKGROUND

       Over the course of 2015 to 2017, Raishani took steps to support the Islamic State of Iraq and al-Sham ("ISIS"), a foreign terrorist organization. These steps included facilitating the overseas travel of an ISIS supporter to join the group and attempting to himself travel to Syria to join ISIS.

---

[1] All docket citations refer to No. 17-cr-421, Raishani's underlying criminal case.

On November 14, 2018, Raishani pleaded guilty to a two-count information charging him with (1) attempting to provide material support and resources to ISIS from at least in or about January 2017 through June 2017, in violation of 18 U.S.C. § 2339B (Count One or "the attempt charge"), and (2) conspiring to provide material support and resources to ISIS from at least in or about September 2015 through June 2017, in violation of 18 U.S.C. § 371 (Count Two or "the conspiracy charge"). *See* Dkt. 48 (Information); Dkt. 52 (Plea Transcript). At the plea hearing, the Court informed Raishani that he faced a maximum term of imprisonment of 20 years for Count One and five years for Count Two. Dkt. 52 at 12–13. The Court also reviewed the terms of the written plea agreement entered into by Raishani and the Government, in which the parties agreed that the statutory maximums for Counts One and Two amounted to a total of 25 years in prison, resulting in a stipulated guidelines sentence of 300 months. *Id*. at 17–18. Raishani stated that he understood that, under the plea agreement, he could not file a direct appeal of or collaterally challenge any sentence at or below 300 months. *Id*. Raishani then admitted his guilt. As to Count One, the attempt charge, he stated that "in June 2017, I attempted to travel to Syria for the purpose of joining ISIS." As to Count Two, the conspiracy charge, he stated, "in October 2015, I agreed with another person that we should both join ISIS. I supported him. We traveled overseas to do that." *Id*. at 21. The Court found that Raishani had "knowingly and voluntarily plead[ed] guilty" to Counts One and Two and accepted the pleas. *Id*. at 24.

Raishani was sentenced on April 2, 2019. The Court imposed the statutory maximum term of 20 years on Count One and the statutory maximum of five years on Count Two, to run concurrent to one another. Dkt. 62 at 30–31.

On July 23, 2020, Raishani filed the instant petition. His argument centers on the June 2015 amendment of 18 U.S.C. § 2339B, in which Congress extended the statutory maximum

sentence for providing material support to a terrorist organization from 15 to 20 years. *See* Pub. L. 114-23, Title VII, § 704, 129 Stat. 300 (June 2, 2015); *see also* 18 U.S.C. § 2339B(a)(1). Raishani argues that, because his offense conduct began in 2015 (around the time when the statute was amended), the statutory maximum sentence should have been calculated as 15 rather than 20 years, and therefore that (1) his trial counsel was ineffective for failing to raise this argument, and (2) his guilty plea was not knowing and voluntary because he should have been advised that the statutory maximum penalty was 15 years. *See* Petition at 2–5. The Government has responded by asserting that the amended statutory maximum of 20 years was correctly applied. *See* Resp. Mem., Dkt. 71. The Court agrees.

## LEGAL STANDARDS

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty and sentencing." *Gonzalez v. United States,* 722 F.3d 118, 130 (2d Cir. 2013) (citations omitted). To establish a claim of ineffective assistance of counsel, a petitioner must show: (1) that his attorney's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) that he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). "Failure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999).

A guilty plea is valid if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way,' and it is considered 'voluntary if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weight his options rationally.'" *Manzullo v. New York*, No. 07-CV-744 (SJF), 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)). Where a habeas petitioner claims that he was misled as to the sentence that would result from a plea of guilty, courts inquire into whether he "was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *Ventura v. Meachum,* 957 F.2d 1048, 1058 (2d Cir. 1992) (citing cases) (internal quotation marks omitted). "Any allegations a defendant makes in a § 2255 petition 'cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth.'" *Hsu v. United States*, 954 F. Supp. 2d 215, 221 (S.D.N.Y. 2013) (quoting *United States v. Hernandez,* 242 F.3d 110, 112–13 (2d Cir. 2001)).

## DISCUSSION

### I.  Petitioner's Counsel Was Not Ineffective

Raishani first argues that his counsel was ineffective for failing to argue that the statutory maximum sentence on his Count One conviction under 18 U.S.C. § 2339B should be 15 rather than 20 years. He is incorrect. The statutory maximum was appropriately calculated as 20 years, and counsel cannot be ineffective for failing to raise a meritless argument. *Arena*, 180 F.3d at

396; *see also United States v. Cronic*, 466 U.S. 648, 656 n. 19 (1984) ("Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical.").

Raishani argues that his "criminal conduct began in 2015," before Congress amended Section 2339B to raise the statutory maximum sentence to 20 years, and therefore that his statutory maximum was inaccurately calculated. Petition at 2–3. He asserts that his two counts of conviction "track[] identical conduct" and "both are conspiracies for the same course of conduct." Petitioner's Reply Mem. at 4. Construed liberally, his argument is that trial counsel should have raised a challenge under the Constitution's Ex Post Facto Clause, which prohibits Congress from, *inter alia*, "mak[ing] a crime greater than it was when it was committed [or] increas[ing] the punishment for a crime after it has been committed," and thus prohibits criminal defendants from being punished under such laws. *United States v. Harris*, 79 F.3d 223, 228 (2d Cir. 1996).[2]

However, Raishani's conviction for attempting to provide material support to ISIS pursuant to Count One—the conviction that resulted in the 20-year sentence under Section 2339B—was plainly for conduct that occurred in 2017. The Information makes clear that the offense in question occurred between January and June 2017. *See* Dkt. 48 at 1. Furthermore, during his allocution, Raishani explained that this attempt charge stemmed from his June 2017 attempt to travel to Syria to join ISIS. Dkt. 52 at 21.[3] At the time Raishani committed the Count

---

[2] To be sure, as the Government notes, "[i]t is well-settled that when a statute is concerned with a continuing offense, the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of the statute." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (quoting *Harris*, 79 F.3d at 229); *see also United States v. Campanale,* 518 F.2d 352, 365 (9th Cir. 1975) (holding that "[i]t is well established that a statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of the statute, is not *ex post facto* as to that crime").
[3] Although Raishani's attempted personal travel to Syria, which provided the basis for the attempt charge under Section 2339B, may also have constituted proof of the Count Two

One offense, the June 2015 amendment to Section 2339B had already been on the books for some 18 to 24 months, and thus was correctly applied by the Court at sentencing. *See* Pub. L. 114-23, Title VII, § 704, 129 Stat. 300 (June 2, 2015); *see also* 18 U.S.C. § 2339B(a)(1). Because there was no basis in law to claim that the statutory maximum sentence for Count One was 15 rather than 20 years, Raishani's counsel was not ineffective for declining to make such an argument, which would not have resulted in a different outcome. *See Strickland*, 466 U.S. at 694.

## II.     Petitioner's Guilty Plea Was Valid

Raishani next argues that, had he understood that the attempt charge alleged in Count One carried a fifteen rather than a twenty-year statutory maximum, he would not have pleaded guilty. Petition at 3–4. As discussed above, Raishani is incorrect that the prior fifteen-year statutory maximum was applicable to his offense. In any event, the record plainly establishes that Raishani understood when entering his plea agreement and pleading guilty that he faced up to twenty years imprisonment for Count One. The Court advised Raishani at the plea hearing that "the maximum term of imprisonment for Count One is 20 years in prison," and Raishani confirmed that he understood. Dkt. 52 at 12. Also at the plea hearing, the Government recited the terms of the written plea agreement, which included a stipulated guidelines sentence of 300 months (accounting for a 20-year maximum on Count One and a five-year maximum on Count Two). *Id*. at 17. Raishani acknowledged that he understood these terms and agreed that, as a result, he could not challenge any sentence of less than 300 months. *Id*. at 18. These "statements

---

conspiracy, it is not, as Raishani claims, "identical conduct." The Count Two offense was charged under 18 U.S.C. § 371 as a conspiracy with an unnamed coconspirator ("CC-1") to provide material support to ISIS, which lasted from September 2015 to June 2017 and principally involved agreeing with CC-1 to join ISIS and supporting CC-1 in his overseas travel to join ISIS. *See* Dkt. 52 at 21. Raishani's sentence under Count Two was the five-year statutory maximum pursuant to Section 371.

under oath . . . must be given presumptive force of truth" in establishing that Raishani understood that he faced up to 20 years imprisonment on Count One. *See Hsu*, 954 F. Supp. 2d at 221. There is thus no basis in the record to conclude that Raishani's plea was not knowing and voluntary.

## CONCLUSION

For the foregoing reasons, Raishani's petition is denied. The Court will not hold a hearing. *See Gonzalez*, 722 F.3d at 130–131; *see also* 28 U.S.C. § 2255(b) (no hearing required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Additionally, because the Court concludes that there has been no "substantial showing of the denial of a constitutional right" in this case, it declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Matthews v. United States,* 682 F. 3d 180, 185 (2d Cir. 2012).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 1 (20-cv-5936) and Dkt. No. 68 (17-cr-421) and to close this case.

SO ORDERED.

Dated:   December 3, 2020
         New York, New York

Ronnie Abrams
United States District Judge