UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SADDAM MOHAMED RAISHANI,

                Defendant.

17-CR-421 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Defendant Saddam Mohamed Raishani moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c). For the reasons that follow, Raishani's motion is denied.

## BACKGROUND

Over the course of 2015 to 2017, Raishani took steps to support the Islamic State of Iraq and al-Sham ("ISIS"), a foreign terrorist organization. These steps included facilitating the overseas travel of an ISIS supporter to join the group and attempting to himself travel to Syria to join ISIS.

On September 7, 2017, Raishani was charged in a superseding indictment with providing, attempting to provide, and conspiring to provide material support or resources to ISIS, in violation of 18 U.S.C. §§ 2339B and 2. *See* Superseding Indictment, Dkt. 15. On November 14, 2018, pursuant to a plea agreement, Raishani pled guilty to a superseding information, *see* Plea Hearing Tr., Dkt. 52 at 20, under which he was charged with (1) attempting to provide material support or resources to ISIS, in violation of 18 U.S.C. § 2339B (Count One), and (2) conspiring to provide material support or resources to ISIS, in violation of 18 U.S.C. § 371 (Count Two), *see* Superseding Information, Dkt. 48.

On April 2, 2019, the Court sentenced Raishani to 20 years on Count One and 5 years on Count Two, to run concurrently. *See* Sentencing Tr., Dkt. 62 at 30–31. On January 31, 2022, Raishani, proceeding *pro se*, submitted the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582, *see* Defendant's Motion ("Def. Mot."), Dkt. 75, which the Government opposes, *see* Government's Opposition ("Gov't Opp."), Dkt. 78. On May 25, 2022, the Court granted Raishani's request for appointment of counsel to assist him in supplementing his motion. *See* Dkt. 83. Per the Bureau of Prisons website, Raishani is scheduled to complete his term of incarceration on July 7, 2034.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), a court may reduce a defendant's term of imprisonment where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. 18 U.S.C. § 3582(c)(1)(A).[1] A court may do so "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## DISCUSSION

In moving for a sentence reduction, Raishani argues that (1) his sentence is unduly harsh, (2) he has been rehabilitated and "has learned today that the ISIS propaganda that he was brainwashed under is completely false," Def. Mot. at 16, (3) he is the only available caregiver for

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

2

his elderly parents, and (4) he has experienced unusually harsh prison conditions due to the COVID-19 pandemic.[2] He seeks either a reduction or immediate termination of his sentence.

The Government opposes his motion, arguing that Raishani has failed to demonstrate extraordinary and compelling reasons and that the § 3553(a) factors do not support a sentence reduction. With regard to whether there are extraordinary and compelling reasons for a sentence reduction, the Government first argues that Raishani's assertion that he received an unduly long sentence is without merit. *See United States v. Garcia*, No. 21-1181-CR, 2022 WL 2154675, at *2 n.1 (2d Cir. June 15, 2022) ("[A] defendant may not use a compassionate release motion to second-guess the sentence previously imposed."). Second, it argues that Raishani's claims of deradicalization and rehabilitation should not be credited, and, moreover, that "rehabilitation *alone* shall not be considered an extraordinary and compelling reason." *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (emphasis in original). Third, it asserts that Raishani has provided little evidence that he is the only available caregiver for his parents, and "courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver[] before concluding that an extraordinary and compelling reason has been established." *United States v. Rolle*, No. 20-CR-594, 2024 WL 1704969, at *3 n.3 (S.D.N.Y. Apr. 19, 2024). Fourth, the Government argues that Raishani's general invocation of the COVID-19 pandemic is insufficient, and that he is in good health and fully vaccinated. *See United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.").

---

[2] On November 5, 2021, Raishani submitted a request for a sentence reduction to the warden of his facility based on the same four arguments raised here. *See* Def. Mot., Ex. A. Raishani's request was denied on November 19, 2021. *See id.* The Government thus "does not dispute that Raishani has exhausted his administrative remedies with respect to the instant motion." Gov't Opp. at 9 n.2.

Ultimately, however, the Court need not decide whether Raishani has demonstrated extraordinary and compelling reasons to warrant a reduced sentence, given that, even assuming that such reasons exist, the Court can grant his motion only to the extent that doing so is consistent with the § 3553(a) factors. *See United States v. Johnson*, No. 23-6272, 2023 WL 6475329, at *2 (2d Cir. Oct. 5, 2023) ("[I]f a district court determines that the § 3553(a) factors counsel against release, it may deny a compassionate-release motion on that basis alone and need not determine whether extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction exist."); *see also United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to afford adequate deterrence," "to protect the public from further crimes of the defendant," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Here, the § 3553(a) factors do not support a sentence reduction.

In 2015, Raishani agreed with a co-conspirator to travel to Syria and join ISIS. Presentence Investigation Report ("PSR"), Dkt. 53, ¶ 9. The co-conspirator was to leave first, and Raishani assisted him in preparing for his journey and eventual departure. *Id.* ¶¶ 9–10. Over the course of several months in 2017, Raishani had a series of meetings with a confidential source and an undercover officer, wherein he "repeatedly expressed his fervent support for ISIS and its mission, discussed his desire to join ISIS overseas, and described supporting [his co-conspirator] in his successful effort to travel abroad to join ISIS." *Id.* ¶ 14. In those meetings, he also made clear his regret at not having joined his co-conspirator in 2015. *Id.* ¶ 15. Raishani, moreover, utilized

sophisticated security measures in trying to conceal his allegiance to ISIS from law enforcement. *Id.* ¶ 14.

Raishani ultimately purchased an airline ticket for Turkey, where he planned to cross into Syria, and he prepared for the journey by paying off thousands of dollars of debt, selling his car to generate additional funds, and shopping for supplies. *Id.* ¶ 17. He was unable to convince his wife to join ISIS with him, and decided to leave her and his young son behind. *Id.* ¶ 19. On June 21, 2017, he attempted to board his flight, where he was intercepted by law enforcement. *Id.* ¶ 18. Following Raishani's arrest, law enforcement recovered a "will" at his residence. *Id.* ¶ 19. The will was addressed to his family, where he, among other things, criticized his wife for refusing to join ISIS and directed her to lie to authorities and say that he went abroad to volunteer. *Id.*

The § 3553(a) factors counsel strongly against a sentence reduction. As the Court stated at Raishani's sentencing, "there is no danger to society greater than that of terrorism, no danger greater than that posed by those that think that they can impose their will on others through senseless and incomprehensible violence." Sentencing Tr. at 25–26. His devotion to ISIS was not short-lived, and he was "willing and indeed eager to leave behind his family and young son to join an entity that slaughters innocents, enslaves women, and rapes children." *Id.* at 26.

The Court carefully considered the § 3553(a) factors at Raishani's sentencing, and "nothing in [Raishani's] current papers causes the Court to recalculate the minimal sentence that is necessary to comply with those purposes." *United States v. Sattar*, 467 F. Supp. 3d 152, 157 (S.D.N.Y. 2020) (denying application for compassionate release where the defendant was found guilty of terrorism-related crimes); *see also United States v. Jaber*, No. 13-CR-485, 2022 WL 35434, at *3 (S.D.N.Y. Jan. 4, 2022) (holding that the § 3553(a) factors "continue to militate overwhelmingly in favor of denying the defendant's [m]otion" where he was convicted of conspiring to provide material

support to a foreign terrorist organization). Indeed, "[f]urther decreasing the sentence would, in the Court's view, go counter to the mandates that a sentence should constitute just punishment for the offense and should deter others from engaging in similar conduct." *United States v. Sabir*, 481 F. Supp. 3d 270, 276 (S.D.N.Y. 2020) (denying a defendant's motion for a sentence reduction where he was convicted of conspiring to provide, and attempting to provide, material support to al Qaeda). Moreover, Raishani's projected release is not until 2034, and a sentence reduction would thus incur unwarranted sentencing disparities. *See* Sentencing Tr. at 27 ("Many courts have sentenced defendants like Mr. Raishani to the statutory maximum for a violation of the material support statute, [18 U.S.C. § 2339B].").

In sum, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is not justified in this case.

## CONCLUSION

For the foregoing reasons, Raishani's motion for a reduction of his sentence is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 75.

SO ORDERED.

Dated:     July 31, 2024
           New York, New York

                                          _____
                                          Ronnie Abrams
                                          United States District Judge